## Duffy *v.* Platt, Appellant.

*Negligence—Master and servant—Fellow servant—Evidence.*

In an action by a boy against his employer to recover damages for personal injuries, where it appears affirmatively from the plaintiff's evidence, that the defendant's foreman was perfectly competent, it is reversible error for the trial judge to submit the question of his competency to the jury.

Where the foreman of a carding room in a mill cleans a revolving cylinder in the absence of the workman whose duty it is to do the work, and negligently leaves the cylinder uncovered, in consequence of which a boy fifteen years of age is subsequently injured while working at the cylinder, the employer of the boy is not liable for the injuries sustained. The foreman in such a case is a fellow servant of the boy.

Argued Jan. 15, 1903. Appeal, No. 195, Jan T., 1903, by defendants, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1899, No. 664, on verdict for plaintiff in case of Nathaniel Duffy, by his Mother and Next Friend, Mary Madden, v. Am-

mon Platt and Adolphus C. Platt, trading as A. Platt & Son. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass for personal injuries. Before FINLETTER, P. J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*Morton Z. Paul*, for appellant.—The cause of an accident must be proved, and cannot be guessed at nor assumed: Huey v. Gahlenbach, 121 Pa. 228; Alexander v. Penna. Water Co., 201 Pa. 252; Reese v. Clark, 146 Pa. 465; Snodgrass v. Carnegie Steel Co., 173 Pa. 228; Zahniser v. Penna. Torpedo Co., 190 Pa. 350.

The court had no right to leave to the jury the question of the incompetency of the foreman Nealon, when the plaintiff did not show the slightest evidence of Nealon's incompetency: Ardesco Oil Co. v. Gilson, 63 Pa. 146; Mansfield Coal, etc., Co. v. McEnery, 91 Pa. 185; Ricks v. Flynn, 196 Pa. 263; Hughes v. Leonard, 199 Pa. 123; Welsh v. Butz, 202 Pa. 59; Carpenter's Case, 24 Hun, 104; Mars v. Delaware & Hudson Canal Co., 54 Hun, 625 (8 N. Y. Supp. 107); McEwen v. Hoopes & Townsend, 175 Pa. 237.

*Patrick F. Dever*, for appellee, cited: Shafer v. Lacock, 168 Pa. 497; Snodgrass v. Carnegie Steel Co., 173 Pa. 228; Rummel v. Dilworth, 131 Pa. 509; Melcher v. Smith Brewing Co., 140 Pa. 449; Kehler v. Schwenk, 151 Pa. 505; Fisher v. Delaware & Hudson Canal Co., 153 Pa. 379; Tagg v. McGeorge, 155 Pa. 368; Swanson v. Crandall, 2 Pa. Superior Ct. 85.

OPINION BY MR. JUSTICE FELL, April 20, 1903:

No question of the competency of the foreman who had charge of the carding room in which the plaintiff was employed was raised by the pleadings or by the testimony. He had had thirty-four years' experience in managing carding machines, and

the testimony adduced by the plaintiff affirmatively showed that he was fully competent. Yet in the general charge and by the answer to the defendants' first point, the question of his competency was submitted to the jury. This error requires a reversal.

In determining whether a new venire should be granted or judgment entered for the defendants, we have considered the other questions raised. The facts established by the plaintiff's testimony were these: The plaintiff was over fifteen years of age, and had been employed at the defendant's mill for two years. A few days before the accident he had been advanced and put to work in the carding room as an operator, where a part of his duty was to remove the waste which accumulated on the machines. While he was doing this, his hand was caught by a revolving cylinder. It was intended that this cylinder should always be covered when the machine was in operation. A proper cover was provided for it which should have been removed only when it became necessary to do so in cleaning the machine. On the day of the accident the workman whose duty it was to clean and regulate the machines was called to another room, and the foreman did his work. Why the cylinder was uncovered at the time of the accident, and whose fault it was, did not appear except by inference from the fact that two hours before the foreman had cleaned the machine. But his negligence in this regard imposed no liability on the defendants. He was a foreman in charge of this room and another, and worked under the direct supervision and instruction of the defendants, receiving his orders from them each day; and in cleaning the machine he was doing the work of an ordinary workman. He was clearly a fellow servant, for whose negligence his employers were not answerable: Ricks v. Flynn, 196 Pa. 263; Spees v. Boggs, 198 Pa. 112; Hughes v. Leonard, 199 Pa. 123.

The judgment is reversed, and judgment is now entered for the defendants.