# Latsha *v.* Shamokin & Edgewood Electric Railway Company, Appellant.

*Negligence—Street railways—Injuries to motorman—Head on collision—Master and servant—Fellow servant—Vice principal—Contributory negligence—Proximate and remote cause.*

In an action by a motorman against his employer, an electric railway company, to recover damages suffered in a head on collision between his car and another car, where it appears that the superintendent of the company started with the other car, acting as its motorman, shortly after plaintiff's car, without notice to plaintiff; and that the collision occurred on the plaintiff's return trip, when the cars were proceeding in opposite directions; and it also appears that immediately before the accident the cars were within sight of each other at such a distance that the accident could only have occurred through the negligence of one or other of the motormen, or of both concurrently, the accident is to be attributed to such negligence as the proximate cause. Whether it was negligence to start out the second car without notice to the motorman on the first, not considered, for the reason that the circumstance was too remote. The law adopts the practical rule of regarding the proximate cause of the occurrence. The question of plaintiff's contributory negligence in connection with the immediate cause of the accident was for the jury.

Where the superintendent of an electric railway company takes out a car to test·it, and acts as motorman in the test, he is not a fellow servant of a motorman injured by the negligence of the superintendent operating the car under test. In such a case the superintendent is a vice principal and the company is liable for his negligence.

Argued May 25, 1908. Appeal, No. 149, Jan. T., 1908, by defendant, from judgment of C. P. Northumberland Co.. May T., 1907, No. 212, on verdict for plaintiff in case of Lewis A. Latsha v. Shamokin & Edgewood Electric Railway Company. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before AUTEN, P. J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Defendant presented the following points:

1. Under all the evidence in the case your verdict must be for the defendant. *Answer:* Refused. [1]

3. The act of June 10, 1907, relating to employer's liability, is not retroactive and does not apply to this case, because the suit was brought before the passage of the act, and further because the accident occurred prior to the passage of the said act of assembly. *Answer:* Refused. [5]

5. Under the undisputed evidence in the case, the plaintiff is guilty of contributory negligence, and cannot therefore recover. *Answer:* Refused. [7]

6. If the court decline to affirm the defendant's fifth point, then the court is respectfully requested to charge the jury, that if the jury find that the plaintiff's car· was entering the curve at the Weigh Scales when Reed's car was entering the curve at the other end, that the length of the curve was 261 feet, that Latsha's car could have been stopped thirty-five or forty feet, going at eight miles an hour, that the front door of his car was open at the time of the collision and that one or two steps backward would have protected him from the injury, that the brakes and electrical equipments of his car were in good condition, that the plaintiff did not reverse the current, was going up a slight grade at the time of the collision, then

the plaintiff would be guilty of contributory negligence, and cannot recover. [8]

7. The proximate cause of the accident was the negligence of Reed, if any, in operating the car at or near the point of the collision. The sending out of the car without notice to the plaintiff was at most the remote cause of the injury or was the mere occasion of the injury for which the defendant cannot be held liable. *Answer:* Refused. [2]

Verdict and judgment for plaintiff for $9,000. Defendant appealed.

*Errors assigned* among others were (1, 2, 5, 7, 8) answers to points as above, quoting them; and (3) portion of opinion quoted in the opinion of the Supreme Court.

*Grant Herring* and *J. W. Gillespie,* with them *S. P. Wolverton, S. P. Wolverton, Jr.* and *J. Mal Gillespie,* for appellant.—The facts as to the cause of the injury being undisputed, the question of proximate cause becomes one of law for the determination of the court: Douglass v. New York Central & Hudson R. R. Co., 209 Pa. 128; Custer v. R. R. Co., 206 Pa. 529.

The real complaint of the defendant, is not that the court did not determine the question of the proximate cause in favor of the defendant, but that he did not determine it at all.

Intervening independent agencies are what brought about this accident. In other words, the proximate cause of the accident was the negligence of the motormen, one or the other, or both, in operating the cars, for which the defendant was not liable: Roach v. Kelly, 194 Pa. 24; Hammill v. R. R. Co., 56 N. J. L. 370; West Mahanoy Twp. v. Watson, 116 Pa. 344; Hoag v. R. R. Co., 85 Pa. 293.

On the question that Jerome Reed was, at the time of the injury, a fellow workman with the plaintiff, we cite: O'Neal v. Clydesdale Stone Co., 207 Pa. 378; Miller v. American Bridge Co., 216 Pa. 559; Vito v. Railway Co., 217 Pa. 398; Casy v. Paving Co., 198 Pa. 348; Prevost v. Citizens' Ice, etc., Co., 185 Pa. 617; Ricks v. Flynn, 196 Pa. 263.

The contributory negligence of plaintiff was a question in the case: Lynch v. Erie City, 151 Pa. 380; Butler v. Railroad

Co., 126 Pa. 160 ; Cleveland & Pittsburg R. R. Co. v. Rowan, 66 Pa. 393 ; Waters v. Wing, 59 Pa. 211 ; P. & R. R. R. Co. v. Spearen, 47 Pa. 300 ; Penna. R. R. Co. v. Berry, 68 Pa. 272 ; Com. v. Meads, 29 Pa. Superior Ct. 321 ; Phila. Trust, etc., Co. v. Phila., etc., R. R. Co., 177 Pa. 38 ; Heydrick v. Hutchinson, 165 Pa. 208 ; Lingle v. Scranton Ry. Co., 214 Pa. 500.

*Fred. B. Moser*, with him *Geo. B. Reimensnyder*, for appellee.—We contend that the testimony as to the material facts in this case and the proximate cause of the injury was conflicting and cannot under any circumstances be said to be undisputed. It certainly was not within the province of the court to decide as a matter of law the proximate cause of the injury to the plaintiff : Scott v. Hunter, 46 Pa. 192.

The concurring negligence of a fellow servant with the negligence of the master will not relieve the master of liability : Cameron v. Citizens' Traction Co., 216 Pa. 191 ; Whitley v. Evans, 30 Pa. Superior Ct. 41 ; Wallace v. Henderson, 211 Pa. 142 ; Hunn v. Mich. Central Ry. Co., 7 L. R. A. 500.

A railroad company is bound to regulate the time and manner of running its trains, so as to avoid collisions, and to enable all its servants to know when a train may be expected, and thus avoid danger : Shearman & Redf. on Neg. sec. 693, quoted in Reagan v. St. Louis, K. & N. W. Ry. Co., 93 Mo. 348 ; Turner v. Norfolk & W. R. R. Co., 40 W. Va. 675 (22 S. E. Repr. 83).

OPINION BY MR. JUSTICE STEWART, June 23, 1908 :

The defendant company operates a single track line of electric railway extending from Shamokin borough to Weigh Scales, a distance of about two and one-half miles. The plaintiff, employed by the company as motorman, and so acting at the time, left Shamokin with car No. 2 at 4 : 30 in the afternoon, to make a run to Weigh Scales and return. Within a few minutes after he had started, and without notice to him that another car was to follow, the superintendent of the company, Jerome Reed, started with a new car for the purpose of testing it, upon the same course, himself acting as motorman. The plaintiff, on the return from Weigh Scales, had proceeded

with his car only about a fourth of a mile, and, so far as appeared, on schedule time, when the two cars came together in what is known as a head on collision, with the result that plaintiff was seriously injured. The action was brought to recover damages for the injury sustained, and resulted in a verdict for the plaintiff, which the court refused to disturb, overruling a motion for judgment non obstante. The collision was the result of extreme carelessness on the part of one or other of the motormen, perhaps of both. Reed, the superintendent, acting at the time as motorman on car No. 15, the new car which he was testing, when called as a witness for defendant, admitted that he saw the other car approach his when the two were 1,200 feet apart, and that he could have stopped his car at any time in a distance of thirty feet. Since the distance between the cars when plaintiff first saw the car operated by the superintendent approach, and the opportunity afterwards allowed him to avoid collision, are matters in dispute, and inasmuch as they must be for consideration hereafter in connection with the question of plaintiff's contributory negligence, we will assume nothing in regard to them. The question immediately before us does not require that we assume or undertake to determine anything with respect to the plaintiff's conduct. It is enough to know, in order to ascertain what was the immediate, proximate cause of the collision, that it occurred in broad daylight, between two cars with brakes and general equipment, mechanical and electrical, in good working condition, and that the peril was observed by at least one of the motormen, if not both, in ample time, in the exercise of even ordinary care, to avoid it. With such facts as these not only established but admitted, why look further for a proximate cause? Further search for a cause would not only be useless, but would be a diversion well calculated to raise a false issue, as it certainly did in this case. How far the issue thus raised determined the verdict we cannot of course know; but the jury were directed to consider it, and were instructed to allow it determining effect, upon an affirmative finding of certain facts alleged in connection therewith. The submission of the court was in these words: "I leave it to you to determine whether the sending out, or the permitting of this car (No. 15) to go out over this line, following

No. 2, without notice to those operating car No. 2, was or was not negligence." If the case was determined against the defendant on the issue thus presented, it was manifestly wrong; and how are we to know that it was not so determined? The law adopts the practical rule of regarding the proximate rather than the remote cause of the occurrence; it follows back along the chain of causation until it finds an adequate, efficient cause, and there it stops, adopting that as the causa causans in all questions affecting individual liability for the occurrence. Never was a proximate cause more clearly revealed than in this case; it was negligence of motorman or motormen in not arresting the car or cars before collision. The question whether the company was chargeable with negligence in sending out car No. 15 without notice to those in charge of car No. 2, was wholly outside the case. Of course, the collision could not have occurred had not car No. 2 been sent out; but it does not follow that a collision should have been anticipated as a matter of definite inference, in the natural and ordinary course of events; and even though it were negligence to send it out without notice—a proposition to which we must not be understood as assenting—here was intervening negligence, operating directly and immediately to produce the collision, wholly independent of the earlier negligence in sending out the car. When such intervention occurs the law applies the maxim, causa proxima, non remota, spectatur.

The same error that appears in the charge with respect to the cause of accident is repeated in the answers to points submitted; and the assignments cover both charge and answers. So far as they relate to this particular error, without more, they are sustained.

The answer of the court to the fourth point submitted by the defendant is the subject of the fifth assignment of error. This point, after asserting that it was not negligence in the company to send out the second car without notice, asked instructions to the effect, that if the jury found the plaintiff's injuries had been caused by Reed's negligence in failing to stop his car, there could be no recovery against the company, inasmuch as Reed and the plaintiff were fellow servants. This point was negatived only because of what it asserted with re-

spect to the sending of the second car.   Herein it was directly contrary, as we have seen, to the expressed view of the court. The learned judge did not intend by this ruling to hold that Reed and the plaintiff were not fellow servants, or that the company could be liable in any event, except as negligence could be imputed to it in connection with the sending out of the second car.   On the contrary, he expressly instructed the jury that they were to regard Reed and the plaintiff as fellow servants, and that if plaintiff's injuries were occasioned by the negligence of Reed, there could be no recovery, as fully appears by the following extract from the charge: " I charge you further, and to this I draw your special attention, that if you find that the railway company was not negligent in permitting or sending out this car No. 15, that then your verdict must be for the defendant, because in that event, the accident was the result of the negligence of a coemployee, or the result of the negligence of the plaintiff, or the result of the concurrent negligence of the plaintiff and Reed who then acted in the capacity of coemployee, and if concurrent, then of course the plaintiff contributed to it."   But for the fact that the case must go back for another trial, we might well be content to dismiss this assignment without comment, since the ruling of the court upon it was manifestly correct; but the reasons which prevailed to reach this result were so manifestly wrong, and as it is evident that the same questions will again arise on a retrial of the case, we feel it our duty to give some expression of view with respect to them.

Under the ruling of the court plaintiff's right to recover, as we have seen, was made to depend entirely and exclusively upon the finding of the jury in the matter of the alleged negligence of the company in sending out the second car.   This feature of the case must be entirely eliminated.   The question of defendant's liability is to be determined alone from a consideration of the immediate, proximate cause of the accident. Where was the negligence that produced the collision?   If it was wholly Reed's, was the company liable therefor?   There can be no doubt as to the proper answer to this question. Reed was not in any sense a fellow servant with the plaintiff. While operating the motor or controller on car No. 15 for the purpose of testing the car, he was strictly in the line of his

duty as superintendent of the company. It is not for the ordinary motorman in his duty as an employee to test the sufficiency and completeness of cars before they are adopted as part of the equipment of the road. His duty is to accept the car given him to operate, and with it goes the company's implied assurance that it is sufficient for the purpose intended. When Reed was testing this car on the day of the accident, it was not being employed in the work of the company, or serving the public, but was out for the one purpose of having it determined whether it would meet requirements; and Reed in operating the controller, was doing just what was necessary to inform himself on this point. In this connection, and for the time being, he was a principal, and his act was the act of the company. If the negligence was his, and his alone, plaintiff's right to recover follows necessarily. Did or did not the plaintiff through any negligence of his contribute to the result? This it seems to us is the only question in the case. It was not submitted to the jury because, in the view taken of the law by the trial judge with respect to the matters we have considered, it was unnecessary. On another trial its full importance must be allowed. All we deem it necessary or prudent to say on the subject is to express the conclusion we have reached, after a careful review of the evidence, as to its effect. The plaintiff's evidence presented a state of facts, which, however contradicted, made the case one in which the proper inferences with respect to plaintiff's contributory negligence could only be derived by the jury.

Judgment reversed, and venire facias de novo awarded.