not be inserted therein unless the testimony is clear, precise, and indubitable that the parties had agreed upon the pressure and it had been omitted from the contract either by fraud or mistake: Collison v. Philadelphia Company, 233 Pa. 350; Ambler v. Phillips, 132 Pa. 167; Collins v. Mechling, 1 Pa. Superior Ct. 594; Snyder v. Phillips, 25 Pa. Superior Ct. 648.

PER CURIAM, January 8, 1917:

The decree in this case is affirmed, at the costs of appellants, on the facts found and the legal conclusions reached by the learned president judge of the court below.

---

## Klenzing v. Greenfield Lumber Co., Appellant.

*Negligence—Master and servant—Scaffold—Defective fastening —Fall—Fellow servant rule—Case for jury—Act June 10, 1907, P. L. 523.*

1. In an action by an employee against a contractor to recover damages for personal injuries resulting from a fall occasioned by the alleged failure of the defendant to properly fasten scaffold uprights used in the construction of a porch, the case is for the jury and a verdict and judgment for the plaintiff will be sustained where it appears that the scaffold had been placed in position by defendant's foreman, that plaintiff, who took no part in its erection or use was directed to tear the scaffold down, and while engaged in so doing, in order to avoid crossing over a stairway between joists, swung outside and around one of the uprights when it pulled out and threw him to the ground, causing the injuries complained of.

2. In such case where the foreman acted in a dual capacity, not only in doing the work himself but in exercising supervision over the manner and method of doing the work, the defendant was properly held liable for his negligence.

3. In such case plaintiff's right to recover was not wholly dependent upon the provisions of the Act of June 10, 1907, P. L. 523, providing that the fellow servant rule shall not be a defense in certain cases, where there was evidence that the foreman used a

faulty method of construction in the erection of the scaffold, which if believed would tend to fix direct liability on defendant for plaintiff's injuries, irrespective of said act.

Argued Oct. 16, 1916. Appeal, No. 130, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., July T., 1915, No. 1430, on verdict for plaintiff in case of John Klenzing v. Greenfield Lumber Company. Before Brown, C. J., Potter, Moschzisker, Frazer and Walling, JJ. Affirmed.

Trespass for personal injuries.

The injury in question was sustained on October 15, 1914.

Further facts appear in the following opinion by Davis, J., sur defendant's motion for a new trial and for judgment n. o. v.:

The defendant company had a contract for the erection of a dwelling house. The plaintiff was a carpenter employed by the defendant in and about the construction of the building and was injured by falling off the second story porch of the structure. The defendant had placed in charge a man named Miller as foreman who looked after the work of construction and had control of the plaintiff and other workmen. At the time plaintiff was injured he was doing the work that he had been directed to do by the foreman.

The facts leading up to the cause of the accident to the plaintiff are not disputed. Miller, the foreman, and another workman had partially erected and constructed a two story porch to the building, and had also erected the necessary scaffolding required in the porch construction. The plaintiff at this time had done no work on the porch or scaffolding while in course of construction. The foreman then directed the plaintiff and another workman to do certain work on the porch, the placing of moulding, sheeting, etc. The porch work had proceeded to the extent that the roof was ready for slating, the floor joists

laid and an opening made through the second floor joists three by nine (3x9') feet for a stairway. The roof of the second story porch was supported on the side and away from the building by four two by four (2x4") inch temporary uprights running from the second floor joists to the porch plate. The uprights at the bottom were toe-nailed into the joists and were not nailed at the top to the porch plate, and were also held in place by the weight of the roof structure resting on the uprights.

At this point in the work it appears that no further use of the scaffolding was required, and that plaintiff and his fellow workman were directed by Miller, the foreman, to tear down the scaffold. In doing this work plaintiff began on the second story end of the porch and had done the work up to and including the third upright, and to avoid crossing over the stairway opening between the joists, he swung outside and around the upright, when it pulled out from the top, and plaintiff was thrown to the ground and severely injured.

The omission to nail the uprights to the porch plate is the negligence upon which the plaintiff bases his right to recover damages against the defendant company for the injuries he has sustained.

Considerable evidence was offered by both plaintiff and defendant whether to or not to fasten the uprights at the top was the usual or customary way of doing such porch construction work, and the jury has found against the defendant's contention that the uprights had been erected and constructed in the usual and customary way, and that it was due to this faulty construction that plaintiff was injured.

The defendant filed a point for binding instructions and now asks for judgment non obstante veredicto on the ground that the defendant had performed its whole duty to plaintiff in furnishing proper materials for the porch and scaffold construction, and, so far as the evidence goes, competent and skillful workmen as coemployees with plaintiff on the work; that the negligence

found by the jury in not fastening the uprights at the top was the negligence of a fellow servant; that the omission to nail the upright supports, either on the part of Miller or the other workman, was not incidental to any duties of superintendence that Miller as foreman was required to perform, but merely the performance of a manual act within the scope of the duties of any workman, citing the cases of Ross v. Walker, 139 Pa. 42; Feeney v. Abelson, 49 Pa. Superior Ct. 163; McGrath v. Thompson, 231 Pa. 631.

The rulings in these cases do not control the case at bar. The plaintiff was not injured by any manual act of Miller, the foreman, or by any other workman in or about the erection or construction of the scaffolding, nor in the use of the scaffolding after being constructed. The scaffolding had filled its purpose and the work had passed to another condition.

One of the duties of a master, or any one representing the master, is to provide that workmen have a reasonably safe place to work. Miller, under the evidence in the case, had the supervision of the work and the control of the workmen. He represented the master in the performance of these duties. The negligence of this case is not an act of a fellow workman committed in the ordinary course or progress of the work. Miller, the foreman, was acting in a dual capacity, not only doing the work himself, but exercising supervision over the manner and method of doing the work. The defendant company had adopted an improper way of porch construction in not securing the temporary upright supports at the top. Miller, as an experienced workman having charge of the work, did not follow the usual method of construction, but, as shown by the evidence, followed the method used by his principal. It was the omission to perform a usual and customary act which, if it had been performed, would have made the place reasonably safe in which the plaintiff was directed to do his work.

The finding of the jury that such upright supports in all building construction should be nailed at the top in order to render them safe from giving way not only convicted Miller, who had charge of the work, of negligence, but also the defendant company in not requiring it to be done by the person who had charge of the work.

We are of the opinion that plaintiff's right to recover in this case does not depend entirely upon the provisions of the Act of June 10, 1907, P. L. 523, "extending and defining the liability of employers," for if the defendant's foreman was following an improper or faulty method of construction in the erection of the scaffolding or porch used or adopted by the defendant company which resulted in a condition that rendered the place unsafe for plaintiff to perform the work that he was directed to do, and in the performance of which he was injured, the defendant company should be held directly responsible for the results whether the defendant was supervising the work or any other person acting under its authority: Studebaker v. Shelby Steel Tube Co., 226 Pa. 239.

Verdict for plaintiff for $3,245 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment n. o. v.

*A. C. Christiansen,* with him *George C. Bradshaw,* for appellant.

*T. M. Gealey,* with him *A. J. Eckles,* for appellee.

PER CURIAM, January 8, 1917:

The judgment in this case is affirmed on the opinion of the learned court below overruling defendant's motions for a new trial and for judgment non obstante veredicto.