# Cunningham *v.* Wilkes-Barre Railway Company, Appellant.

*Negligence—Trolley cars—Collision between trolley cars—Fellow servant rule—Vice principal acting as ordinary employee—Assumption of risk—Judgment n. o. v.*

Prior to the passage of the Workmen's Compensation Act an employer was not responsible for the negligence of a vice principal, which caused injuries to a fellow servant, when the vice principal was engaged in the duties of an ordinary workman. It was only for the negligence of vice principal, acting as such in relation to something which it was the duty of the employer to do, that the latter was responsible to an employee.

Where the superintendent of a trolley company, who was operating a trolley car while the motorman ate his breakfast, negligently ran past a signal, resulting in a head-on collision with another car and injuring its motorman, the company was not liable, as the superintendent was not representing the company as vice principal, but was engaged in the ordinary work of a motorman, the risk of whose negligence was assumed by his fellow servant.

*Practice, C. P.—Practice Act—Affidavit of defense—Averments not denied in affidavit of defense—Negligence of fellow servant—Admissibility.*

Before the passage of the Workmen's Compensation Law, the assumption of risk of the negligence of a fellow servant was a well recognized substantial defense, which the defendant was not bound to interpose by way of an affidavit of defense any more than the contributory negligence of the plaintiff.

Where, in an action of trespass, the defendant did not deny the agency or employment of the person or the ownership or possession of the vehicle, etc., involved, such facts must be taken as admitted; but the defendant was not precluded by any statutory admissions from presenting the substantive defense that notwithstanding the ownership of the car and its operation by its agent, who held the post of superintendent of transportation, he was acting at the time as a motorman and was, for the time being, a fellow servant whose negligence the plaintiff assumed as an ordinary risk of employment.

Argued March 7, 1922. Appeal, No. 28, March T., 1922, by defendant, from judgment of C. P. Luzerne Co., May T., 1916, No. 311, on verdict for plaintiff in the case of John Cunningham v. Wilkes-Barre Railway Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Reversed.

Trespass to recover damages for personal injuries. Before HARMON, P. J., 26th District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $1,000 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*Paul Bedford,* and with him *Frank A. McGuigan,* for appellant.—The superintendent of the defendant company in this case was acting as the fellow servant of the

plaintiff: Sherman & Redfield on the Law of Negligence, section 233; Feeny v. Abelson, 49 Pa. Superior Ct. 163; Ricks v. Flynn, 196 Pa. 263; Miller v. American Bridge Co., 216 Pa. 559; Vito v. W. Chester, etc., Electric Ry. Co., 217 Pa. 398; King v. McClure Co., 222 Pa. 625; Reeser v. Metropolitan Electric Co., 246 Pa. 24.

There is nothing in the Practice Act which precluded the defendant from advancing the defense of the negligence of a coemployee: Wilson v. Adams Express Co., 72 Pa. Superior Ct. 384; McGlinchey v. Steigerwald, 73 Pa. Superior Ct. 520; Flanigan v. McLean, 267 Pa. 553; Buehler v. U. S. Fashion Plate Co., 269 Pa. 428.

*Abram Salsburg,* and with him *Mose M. Salsburg,* for appellee, cited: McGlinchey v. Steigerwald, 73 Pa. Superior Ct. 520; D'Amato v. Segal, 76 Pa. Superior Ct. 103; Lewis v. Seibert, 116 Pa. 628; Brommer v. Phila. & Reading Ry. Co., 205 Pa. 434; Ainsley v. Pittsburgh C. C. & St. Louis Ry. Co., 243 Pa. 437; Feussner v. Wilkes-Barre Ry. Co., 258 Pa. 303.

OPINION BY KELLER, J., April 17, 1922:

Plaintiff was injured, September 22, 1914, in a head-on collision between two of defendant's trolley cars. He was acting as motorman of the one car. The other was being operated by Edward Ervin, defendant's superintendent. The verdict establishes that Ervin negligently ran his car past a signal set against him causing the collision, and acquits the plaintiff of contributory negligence. The questions raised by the appeal are: (1) Whether under the circumstances of the case defendant is responsible in damages to plaintiff for Ervin's negligence, and (2) whether in the state of the pleadings it can defend under the fellow servant rule.

1. The evidence was that the car operated by Ervin was an ordinary passenger car on a regular interurban run. He got on the car at Wilkes-Barre, and after a short while came to the front platform and asked the

regular motorman if he had had his breakfast. On learning that he had not, Ervin told him to go into the car and eat his lunch, and he would run the car. The collision, resulting in plaintiff's injury and Ervin's death, happened while Ervin was acting as motorman. Had the regular motorman been running the car the plaintiff could not recover from the company for the negligence of his fellow servant. Is the result any different because the motorman for the time being was the superintendent of the defendant company? There is some conflict of authority in various jurisdictions on this point (see 2 Labatt on Master & Servant, sections 543-547; 1 Shearman & Redfield's Negligence, sections 226-233, 5th Ed.), but, before the passage of our Workmen's Compensation Act, the principle was firmly established in Pennsylvania that it was only for the negligence of a vice principal acting as such in relation to something which it was the duty of the employer to do, that the latter was responsible to an employee: Ross v. Walker, 139 Pa. 42, 50. In Ricks v. Flynn, 196 Pa. 263, the rule was stated by Mr. Justice MESTREZAT as follows: "It is the character or nature of the act of the employee which causes the injury that determines the liability of the employer. If the act or thing done resulting in the injury to the employee was a duty imposed upon the employer, then the negligent performance of it by an employee of any grade, will render the employer liable, but if such act was in the line of the ordinary workman's duty as an employee, then the employer is not responsible, though the offending employee was a vice principal in charge of the work generally." (p. 269.) In Casey v. Paving Co., 198 Pa. 348, it was said: "And it is only when a foreman is performing a duty which the law imposes on an employer, and which cannot be delegated so as to relieve him from liability, that the employer is responsible for his negligence. The test of an employer's responsibility is not the rank of the servant but the nature of the service." (p. 356.) In Duffy v. Platt, 205 Pa. 296, the defendant's

foreman cleaned a revolving cylinder for a workman whose regular duty it was to do it, and negligently left the cylinder uncovered in consequence of which another employee was injured. In reversing a judgment for the plaintiff the court said: "In cleaning the machine he was doing the work of an ordinary workman. He was clearly a fellow servant, for whose negligence his employers were not answerable." (p. 298.) In Miller v. American Bridge Co., 216 Pa. 559, where plaintiff was hurt by the untying of a rope which the superintendent or foreman in charge of the work had himself tied, the lower court, EVANS, J., in an opinion adopted by the Supreme Court, said: "We may assume for the purposes of the case that Ward was a vice principal, the jury has found that he was under the instructions of the court; but every negligent act of a vice principal resulting in injury to others does not necessarily render his employer liable to an employee. When Ward assumed to tie the rope around the piece of timber about to be lowered and himself had charge of the rope in lowering the timber, he was not representing his employer as a vice principal, but as an ordinary laborer, and as such he was a fellow workman of the plaintiff Miller." (p. 561.) In Calhoun v. Holland Laundry, 220 Pa. 281, it was said: "The defendant could not be held liable for the neglect of the superintendent in covering the board since in so doing, if a vice principal, he was engaged in the work of an ordinary employee and was a fellow servant." (p. 284.) To the same effect see: King v. McClure Co., 222 Pa. 625; McGrath v. Thompson, 231 Pa. 631, 634; Reeser v. Metropolitan Electric Co., 246 Pa. 24, 27. The Act of June 10, 1907, P. L. 523, made no change in this respect: Feeney v. Abelson, 49 Pa. Superior Ct. 163, 169, 170; Sorden v. Parker, 53 Pa. Superior Ct. 539, 544.

The Pennsylvania cases relied upon by the appellee to sustain the judgment are not in conflict with this well established rule. They either permitted a recovery on the ground that the negligent employee was not acting

as a fellow servant, within the rule, of the injured work-
man, or on analysis of the facts, it will be found, that the
negligent act of the vice principal resulting in injury,
bore some relation to the duty of superintendence im-
posed upon him or grew out of the nondelegable duties
of the employer whom he represented. Thus, for ex-
ample, it was held in Lewis v. Seifert, 116 Pa. 628, that a
train dispatcher, in the discharge of his duties as such,
was not a fellow servant with the employees of the train
whose movements he directed, and for an injury caused
by his negligence in the performance of such duties, an
injured train employee might recover against the com-
pany; but that was no warrant for holding the company
liable to another employee for some negligent act com-
mitted by him, not as a train dispatcher, but as an ordi-
nary train hand, if to suit his own purposes or help out a
friend, he acted for the time in that capacity. So, it was
held that a conductor having entire control and manage-
ment of a railway train, occupied a different position
from the brakemen, the porters and other subordinates
employed, and in his conduct of train operations stood
in the place of and represented the corporation: Ainsley
v. Pittsburgh, etc., Ry. Co., 243 Pa. 437; yet if he chose
to assist as a porter in the unloading of baggage or ex-
press and by his personal negligence in the handling
thereof, let fall a trunk or box upon a fellow workman,
that decision would not have been authority for holding
the company responsible for the injury. In Klenzing v.
Greenfield Lumber Co., 255 Pa. 516, the negligence of the
foreman was in respect to the duty imposed on the mas-
ter of providing a safe place for his employees to work
in, a matter in which he was the representative of his
employer and not a mere fellow workman. In Kelly v.
Henry Bower Mfg. Co., 239 Pa. 555, the judgment was
permitted to stand because in the language of the opin-
ion: "It is clear that at the time in question the defend-
ant's foreman was engaged in fulfilling a duty which his
principal was obligated to perform." In Latsha v. Elec-

tric Ry. Co., 222 Pa. 201, the superintendent was not operating a car on a regular run but was testing a new car to see if it would meet requirements, a duty involved in his superintendence. The Supreme Court pointed this out in the opinion: "While operating the motor or controller on car No. 15 for the purpose of testing the car, he was strictly in the line of his duty as superintendent of the company. It is not for the ordinary motorman in his duty as an employee to test the sufficiency and completeness of cars before they are adopted as part of the equipment of the road. His duty is to accept the car given him to operate, and with it goes the company's implied assurance that it is sufficient for the purpose intended. When Reed [the superintendent] was testing this car on the day of the accident, it was not being employed in the work of the company, or serving the public, but was out for the one purpose of having it determined whether it would meet requirements; and Reed in operating the controller, was doing just what was necessary to inform himself on this point. In this connection, and for the time being, he was a principal, and his act was the act of the company." All of the cases cited are distinguishable in their facts from the instant case. The court below, in its opinion, relied strongly on an extract from Thompson on Corporations, section 3754. It is clear however that the author was speaking of the direct personal negligence of an individual employer and without reference to the performance of ordinary labor by a vice principal, for in section 4953 of the same work the author says: "As in the case of a mere foreman of work, so with respect to a matter as to which the superintendent is assisting, in ordinary service, he may be deemed a fellow servant and not a vice principal of the master, notwithstanding his rank and grade or authority over the servant who is injured." The weight of authority in other jurisdictions is in harmony with the rule adopted in this State: Brittain v. West End St. Ry. Co., 168 Mass. 10, 46 N. E. 111; Knutten v. N. Y. & N. J. Tel. Co., 67 N. J.

L. 646, 52 Atl. 565; Crispin v. Babbitt, 81 N. Y. 516; B. & O. R. R. Co. v. Baugh, 149 U. S. 368, 387, 389; Martin v. A. T. & S. F. R. Co., 166 U. S. 399, 403.

We are of opinion that in the circumstances of the present case the superintendent was at the time of the injury doing nothing in the line of his duties as superintendent or vice principal, but was engaged in the ordinary work of a motorman, the risk of whose negligence was assumed by his fellow servants.

2. We are also of opinion that the defendant was not precluded by the pleadings from raising this defense on the trial. In the action of trespass the only averments in the plaintiff's statement which, under the provisions of the Practice Act of 1915, P. L. 483, are taken as admitted on the trial unless denied in the affidavit of defense, are those concerning the person by whom the act was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property or instrumentality involved and similar averments. The averments of other facts on which the plaintiff relies to establish liability, as well as those relating to damages, need not be answered or denied, but are deemed to be put in issue in all cases unless expressly admitted. (Section 13.) The plaintiff averred in his statement, inter alia, that the car which he was operating "was run into by a car being then and there operated in an opposite direction, in charge of and under the control of the superintendent of transportation of said defendant company, namely, Edward Ervin" (par. 4); that the said car "was being operated carelessly, negligently and in violation of the rules of the company by the said superintendent of transportation, Edward Ervin" (par. 5); that the said defendant company through its superintendent of transportation, Edward Ervin, was guilty of carelessness and negligence in that he failed and neglected to obey the signal light against him, but carelessly and negligently and without any warning of approach ran said car beyond said signal light into the car

operated by the plaintiff, (par. 6); and that said Edward Ervin at the time was superintendent of transportation of defendant company in charge and control of the operation of said cars, whose orders, instructions and directions the employees operating said cars were bound to and did obey (par. 8). These averments were not denied and hence on the trial, in accordance with the Practice Act it was taken as admitted and the plaintiff was not obliged to prove: (1) That the car inflicting the injury was owned by and in possession of defendant; (2) that it was being operated by Edward Ervin; (3) that said Edward Ervin was superintendent of transportation of the defendant. Any other facts on which the plaintiff relied to establish defendant's liability had to be proven the same as before the Practice Act was passed. This is settled by the decision in Flanigan v. McLean, 267 Pa. 553, where the Supreme Court, speaking through Mr. Justice WALLING, said: "Appellant contends that, by the omission to file an affidavit of defense, defendants admit the averment in plaintiff's statement that their truck came in contact with the latter. We cannot adopt this contention. Doubtless the legislative intent was, in the absence of contradiction by affidavit of defense, to dispense with proof of certain formal averments as to the instrumentality, or agency of the person, involved in the occurrence and charged with responsibility therefor—not to relieve a plaintiff from proving the vital averments of his declaration as to injury, negligence, damages, etc., or to require defendant to specially plead substantial defenses, like its own lack of negligence or the contributory negligence of plaintiff. For example, the failure to file an affidavit of defense in the present case constitutes an admission by defendants that the instrumentality charged with the accident was their truck, doing their business and in charge of their chauffeur; but the burden is still upon plaintiff to prove the accident and other facts necessary to support his case."

Before our Workmen's Compensation legislation, the assumption of risk of the negligence of a fellow servant was a well recognized substantial defense, which the defendant was not bound to interpose by way of an affidavit of defense any more than the contributory negligence of the plaintiff. The defendant could not deny on the trial the ownership of the car or that it was being operated on its business by its employee, who held the office of superintendent of transportation; but those admissions did not establish liability for the accident; the plaintiff was still obliged to fasten upon it legal responsibility for the injury, and it could interpose any defense arising out of the evidence, except to deny ownership of the car and the agency of the man operating it. The evidence of both plaintiff and defendant showed that Ervin was acting at the time of the accident as motorman on an ordinary car upon a regular run and was doing nothing in the way of superintending the company's employees; that the injury was not occasioned by any act of his delegated to him as the vice principal of his employer but only by his negligence in the line of ordinary service as a motorman. The defendant, accordingly, was not precluded by any statutory admissions from presenting the substantive defense, that notwithstanding its ownership of the car and its operation by its agent, who held the post of superintendent of transportation, he was acting at the time as a motorman and was, for the time being, a fellow servant whose negligence the plaintiff assumed as an ordinary risk of employment.

The fourth and fifth assignments of error are sustained. The judgment is reversed and the court below is directed to enter judgment for the defendant notwithstanding the verdict.