# Coleman *v.* Keenan, Appellant.

*Negligence—Master and servant—Fellow servant—Blasting—Act of June 10, 1907, P. L. 523.*

1. When danger can only arise as work progresses and be caused by the work done, the employer is not bound to stand by during the progress of the work to see when the danger arises, nor is it an employer's duty to give notice of transitory dangers which may be caused by the acts of fellow workmen.

2. Where a foreman, in general charge of blasting, places and directs the drilling of holes, but leaves to a workman the handling of the battery and the firing of the shots, while he himself is engaged elsewhere, and such workman without giving proper notice and in direct violation of the usage of the business fires a blast, and another workman is injured, the latter cannot recover damages from his employer, inasmuch as the accident was due to the negligence of a fellow servant. In such a case the man whose negligence caused the accident is not a vice principal within the meaning of the Act of June 10, 1907, P. L. 523.

Argued Oct. 16, 1908. Appeal, No. 166, Oct. T., 1908, by defendant, from judgment of C. P. Washington Co., Feb. T., 1908, No. 70, on verdict for plaintiff in case of Harry E. Coleman v. D. F. Keenan. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before TAYLOR, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $1,845.83. Defendant appealed.

*Errors assigned* were in refusing binding instructions for defendant, and in overruling defendant's motion for judgment non obstante veredicto.

*John H. Murdoch,* with him *Edgar B. Murdoch,* for appellant.—The Employers' Liability Act of June 10, 1907, P. L.

523, has, of course, in some respects, enlarged and extended the liability of employers but, except in the special cases set forth within that act, and under the special circumstances therein defined, the duties of master and servant remain the same as they have always been. Doubtless it was the intention of the plaintiff to bring this case within the terms of the act of 1907, but it was admitted by his counsel upon the trial of the case that they had not been able to do so, because it was not shown that the man Mike, whose duty they said it was to give the warning, was occupying any of the positions named in the act of 1907, by which he would become such a representative as would render the employer liable for his negligence. Practically the terms of the act of 1907 do not very greatly change the law as it stood prior to its passage. Looking at the act carefully we find that the cases in which the employer is to be liable are very accurately defined and limited and they are as follows, to wit:

1. "Any defect in the works, plant or machinery," which is precisely a statement of the law as it has always existed.

2. "The neglect of any superintendent, manager, foreman or any other person in charge or control of the works, plant or machinery." In other words, the vice principal, just as the law has always stood.

3. "The negligence of any person in charge of or directing the particular work in which the employee was engaged at the time of the injury or death." This again is the vice principal idea, but probably somewhat extended from what it was before.

4. "The negligence of any person to whose orders the employee was bound to conform and did conform, and by reason of his having conformed thereto the injury or death resulted."

5. And lastly, the act of "any fellow-servant done in obedience to the rules, instructions or orders given by the employer or any other person who has authority to direct the doing of said act." This may be held to be a new extension, but it will be noticed that the extension is very closely drawn, and the fellow servant whose negligence makes the employer liable must himself have been acting directly under general or special orders from the employer or his legal representative.

Examining the testimony in this case in the light of the employers' liability act of 1907, it becomes very plain that it could not have been ruled by that act.

The defendant, D. F. Keenan, is not liable in this action for the injuries received by the plaintiff, for the reason that the negligence shown in the case was exclusively the negligence of the Hungarian, Mike, who did not occupy any representative capacity which would render the defendant so liable; and there being no dispute in the evidence, this question was clearly for the determination of the court upon the request for binding instructions.

It may be argued in this case that, it being the legal duty of the defendant to furnish his workmen with a reasonably safe place in which to work, he is bound to see that it is kept reasonably safe and that the failure to give warning was in violation of this duty of the employer. The case of Hussey v. Coger, 112 N. Y. 614, cited in the case of Miller v. American Bridge Co., 216 Pa. 559, seems to be a sufficient answer for this purpose.

*A. G. Braden*, with him *Charles W. Campbell*, for appellee, cited: Conley v. Lincoln Foundry Co., 14 Pa. Superior Ct. 626; Walbert v. Trexler, 156 Pa. 112; Glossen v. Gehman, 147 Pa. 619.

.OPINION BY MR. JUSTICE FELL, January 4, 1909:

This was an action by an employee to recover for injuries caused by being struck by gravel and small stones used in tamping a blast. The negligence alleged was in firing the blast without first giving the customary warning. The defendant was a railroad contractor and at one place on the work had a number of men engaged in making a long and deep cut on the side of a hill. In carrying on the work small shots or squibs of dynamite were exploded in the bottom of holes drilled in a line parallel with the side of the cut, in order to enlarge them so that they would receive larger shots, which when discharged would blow off the face of the slope. In making the preliminary shots three or four holes were charged at a time and the shots were fired simultaneously by the use of an electric battery.

Pingley, a foreman, was in charge of the work at this place and directed the drilling of the holes and, assisted by a foreign workman known as Mike, he placed the charges in the holes and connected them by wires with the battery. The handling of the battery and the firing of the shots were usually done by Mike, but at times by other workmen. There was a system adopted for giving notice before a blast was put off, and on all occasions before the accident notice had been given.

The plaintiff was a fireman on a steam shovel used to remove earth and rock after the blasting had been done. On the morning of the accident the shovel had been removed from the end of the cut and was not in use. The plaintiff went on the bank above the cut to speak to the engineer of the shovel and, while he was standing talking to the engineer near the holes that had been charged, the squibs were discharged by Mike without notice or warning. Pingley was not present, having been called to another part of the work ten minutes before.

These facts were shown by the plaintiff's testimony. The defendant offered none, but denied all liability for the reason, with others, that the only negligence shown was that of a fellow workman, Mike, who failed to give warning before firing the shot. This was a sufficient reason. It may be assumed that it was Pingley's duty to provide for the giving of notice before blasts were fired, and that his failure to do this would have made his employer liable, because he was a vice principal and because of the provisions of the Act of June 10, 1907, P. L. 523. But Mike was a fellow workman only, not in charge of or directing a particular work nor giving orders to which others were bound to conform, nor was his act done in obedience to the rules, instructions or orders given by others. He did not therefore come within the provisions of the act of 1907. He acted in direct violation of the usage of the business, as averred in the plaintiff's statement and established by his proofs.

The defendant was responsible to the plaintiff for the negligence of no one connected with the work of firing the blast except Pingley, his vice principal. There was no negligence

on the part of Pingley unless he was under a duty personally to see that warning was given every time a shot was fired. There was no such duty. The extent of his duty was to provide by proper regulations for the reasonable safety of his workmen, but not to stand by and give personal attention to all the details of the business in order to secure their safety. The accident was caused by the inattention and neglect of a workman to whom the execution of Pingley's orders was necessarily committed. "When danger can only arise as work progresses and be caused by the work done, the employer is not bound to stand by during the progress of the work to see when the danger arises:" Durst v. Steel Co., 173 Pa. 162. Nor is it an employer's duty to give notice of transitory dangers which may be caused by the acts of fellow workmen: Miller v. American Bridge Co., 216 Pa. 559. In the recent case of Schneider v. Phila. Quartz Co., 220 Pa. 548, it was said by our Brother STEWART: "When the work is of such character that the environment of the servant as the work progresses necessarily undergoes frequent changes, the master is not bound to protect the servant engaged in it against dangers resulting from such changes: Labatt, Master & Servant, p. 1772. This doctrine results from the fact that the prosecution of the work does make the place dangerous; but it is not the duty in such cases for the master to follow up the servants every moment to see that they make the place safe. Our own cases are directly in line." The judgment is reversed and judgment is now entered for the defendant.