# McGrath *v.* Thompson, Appellant.

*Negligence—Master and servant—House painter—Safe appliances—Ropes—Tying knot in rope—Duties of foreman.*

1. In an action by a house painter against his employer to recover damages for personal injuries, a verdict and judgment for the plaintiff cannot be sustained where it appears from the testimony that the plaintiff was directed to paint a small circular roof, having a radius of only about eleven feet, that he selected a rope himself from defendant's shop; that the rope was in good condition; that he asked the foreman to make a loop in the end of the rope and tie a knot for him, and the foreman did so; that he then took the rope, fastening the loop over the knob at the apex of the roof, and continued to paint around the roof for two or three hours, holding the rope in his left hand to support himself, and that in some unexplained manner the knot came untied, and plaintiff fell from the roof, suffering the injuries of which he complained.

2. An employer is not bound to supervise every detail of the labor of his employee, to prevent injury in the ordinary course of the work, from dangers which might be avoided by the use of ordinary care. The workman must use his own judgment as to the manner of handling appliances which are properly provided, and the use of which is obvious.

Argued Feb. 28, 1911. Appeal, No. 209, Jan. T., 1910, by defendants, from judgment of C. P. No. 4. Phila. Co., June T., 1908, No. 1,954, on verdict for plaintiff in case of John T. McGrath v. James Thompson and William T. Owen, trading as the Philadelphia Iron Works. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before AUDENDRIED, J.

The facts of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,500. Defendants appealed.

*Error assigned* was in refusing binding instructions for defendants.

*W. W. Smithers*, with him *H. A. Talbot*, for appellants.—There is no evidence that the knot in question was improperly or negligently tied: Staebler v. Warren Ehret Co., 223 Pa. 129; McHugh v. Steel Co., 219 Pa. 644.

The defendants performed their whole duty to the plaintiff: Prescott v. Engine Co., 176 Pa. 459; Cregan v. Marston, 126 N. Y. 568 (27 N. E. Repr. 952).

Wood's act was the act of a fellow servant: New York, Lake Erie & Western R. R. Co. v. Bell, 112 Pa. 400; Staebler v. Warren Ehret Co., 223 Pa. 129; Miller v. Bridge Co., 216 Pa. 559; Kinney v. Corbin, 132 Pa. 341.

The plaintiff was guilty of contributory negligence in failing to inspect the knot in the rope he was using, and in failing to see whether or not it was becoming unfastened during the course of work: O'Dowd v. Burnham, 19 Pa. Superior Ct. 464.

*Augustus T. Ashton*, with him *Jay R. Grier*, for appellee.—Wood was a vice principal at common law: Butterman v. McClintic-Marshall Const. Co., 206 Pa. 82.

Whether Wood tied the knot was a question of fact for the jury: Bond v. Penna. R. R. Co., 218 Pa. 34; Dalmas v. Kemble, 215 Pa. 410.

Plaintiff's contributory negligence was a disputed question of fact for the jury.

OPINION BY MR. JUSTICE POTTER, May 17, 1911:

It is well settled that it is the duty of an employer to provide suitable appliances with which his employee, exercising due care for his own protection, can perform his

duty without being exposed to unnecessary danger. If the appliance be intricate or complicated, and the employee be young or inexperienced, proper instruction in the use of the appliance should be given. But we know of no authority which holds that the employer is bound to supervise every detail of the labor of the employee, to prevent injury in the ordinary course of the work, from dangers which might be avoided by the use of ordinary care. The workman must use his own judgment, as to the manner of handling appliances which are properly provided, and the use of which is obvious.

In the present case it appears that the plaintiff was injured by falling from the roof of a tank which he was painting. The record shows that he made a written statement of the facts of the accident, a few weeks after it occurred. In that statement he says: "On November 19, 1907, we were ordered to go to Twelfth street and Washington avenue to paint a tank there. I took my own rope down from the shop and rigged it myself on top of the tank. We had gotten down to the place about 9 A. M. and worked then until about 11.30 A. M., and I had finished almost all the top of the tank and at that time in some manner unknown to me, I fell from the top of the tank to the roof below. I do not know exactly how the thing happened, as I had almost finished and everything had worked all right up until the time the accident happened." If the plaintiff had repeated this story exactly on the witness stand, he would have disclosed no right to recover against his employers, the defendants. But at the trial, while admitting everything else contained in the written statement, he denied that he had rigged the rope himself, and said that he asked the foreman to make a loop in the end of the rope, and tie a knot for him; and that the foreman did so. He further testified that he then took this rope to the roof of the tank, and fastened the loop over the knob at the apex of the roof, and that he held the rope in his left hand to support himself as he lay on the roof while painting with his right hand. He continued at this

work between two and three hours, when in some unexplained manner the knot came untied or slipped, and the rope came away from its fastening, permitting plaintiff to fall from the roof. No fault was found in the rope; it was sound and in good order; the knot had merely come untied. The theory upon which counsel for plaintiff based his claim to recover was that the defendants were bound not merely to furnish a good rope, but that they were also responsible for the use made of it; that is, for the character of the knot which it was alleged was tied in it by the foreman. If Mr. Wood, the foreman, did tie the knot, which is more than doubtful, under the testimony, he did not, in so doing, represent the defendants as a vice principal, for the act of tying a knot was not incidental to the duties of superintendence, but was merely the performance of a manual act, within the scope of the duties of any workman. This case falls within the principle of Ross v. Walker, 139 Pa. 42, which established the doctrine that it is not the employer's duty, after having provided materials ample in quantity and quality, to supervise the selection of a part therefrom or its use for some particular purpose. The defendants here were bound to furnish a good sound rope suitable for the purpose. But the manner in which the rope was used, and the character of knot which might be tied in fastening the rope safely, to meet the needs of the employee, was a matter for himself. Whether he tied the knot in the rope himself, as was set forth in the written statement, or whether it was done by the foreman at his request, as he stated in his oral testimony, made no special difference. In either case the tying of a secure knot was a simple manual act, obviously required, to insure the safety of the plaintiff. While there was a dispute as to who tied the knot in the rope, yet by whomsoever it was tied, the evidence clearly shows that plaintiff took the rope and with his own hands placed it over the knob at the apex of the roof, and continued to use it for more than two hours, during which time it supported him in safety, while he moved about

over the roof, in the process of painting. No method has been discovered by which inanimate things will remain precisely as arranged, in any particular position; especially is this true where, as here, the rope in the hands of plaintiff while painting a circular roof, was continually being turned and shifted in its position. Common experience shows that in order to secure safety in the use of appliances, there must be frequent inspection during the process of use, by those who handle them, and adjustments of temporary fastenings may frequently be needed. Knots very commonly and naturally tend to loosen and become untied. The circular roof upon which plaintiff was working was small, and had a radius of only about eleven feet, so that he was working within about six feet of the knot in question most of the time, and it was literally within arm's reach part of the time. Even a rigid ladder laid flat upon the roof, for the same purpose as that served by the rope, might, as the result of shifting and moving, have slipped from fastenings or supports, at first secure. No one could reasonably doubt that the duty of watching the position of the ladder, for his own protection, would lie upon an employee in such a case. An accident resulting from the misuse, or careless use of rope, or ladder, or any such appliance, is properly chargeable to the failure of the person using it, to exercise proper care for his own safety. We have carefully considered all the evidence in this case, and we find nothing to support the charge of negligence against defendants, or to justify the submission of the question to the jury.

The assignments of error are sustained, and the judgment is reversed, and is here entered for the defendants.