## Sorden, Appellant, *v.* Parker.

*Negligence—Master and servant—Foreman—Fellow servant—Rigger— Act of June 10, 1907, P. L. 523.*

1. When a manager or vice principal undertakes work in simple co-operation with other servants, and upon precisely the same footing with them, he becomes for the time being a mere fellow servant with them acting as such, and the Act of June 10, 1907, P. L. 523, has no application.

2. Where the foreman of one engaged in the rigging and hoisting business undertakes to hold a ladder which a helper has ascended under his orders, and negligently lets go his hold on the ladder so that the helper is injured, the latter cannot recover damages from the employer for the injuries sustained.

Argued Dec. 16, 1912. Appeal, No. 254, Oct. T., 1912, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1909, No. 4,113, for defendant n. o. v. in case of Thomas Sorden v. William T. Parker. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and POR-TER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before AUDENRIED, J.

At the trial the jury returned a verdict for plaintiff for $300. Subsequently the court entered judgment for defendant n. o. v.

AUDENRIED, J., filed the following opinion:

The plaintiff claimed damages from the defendant by whom he had been employed, on the ground that he had been injured, while working in his service, through the negligence of the defendant's superintendent in failing to guard a certain ladder upon which the plaintiff had mounted by the orders of the latter and in permitting it to become dislodged from its position.

The evidence showed that the defendant had sent Sorden and another employee named Monroe to install a boiler in a building which was being erected on the property of the Pennsylvania Salt Manufacturing Company. Monroe was put in charge of the job and Sorden was instructed to work under his orders. To secure a support for the tackle that they were obliged to employ in this work it became necessary to place a piece of timber across the joists of the building in which the boiler was to be installed. A ladder was obtained and set against the wall of the building, its lower extremity resting on the cement floor. This was not fitted with a device to prevent it from slipping under the weight of any person who might mount it, but Monroe told Sorden to climb up and set the timber in place, promising that he would hold the ladder securely. Sorden went up the ladder as directed. Almost immediately something attracted Monroe's attention and letting go of the ladder, he walked away. While Sorden, who had not noticed Monroe's absence, was in the act of leaning over to take hold of the beam that he was to place upon the joists, the ladder slipped and threw him to the floor.

The plaintiff's statement does not complain that Monroe was negligent in choosing the ladder, or that the lad-

der was defective, or that Monroe displayed carelessness in the plan that he formed for its use. The only negligence complained of is his failure to guard the ladder and prevent it from becoming dislodged. This, however, was not within his duty as foreman. In holding the ladder he acted as an ordinary workman, and it can fairly be said that the negligence that resulted in the injury sustained by the plaintiff was that of a fellow servant: Hoffman v. Holt, 186 Mass. 572 (72 N. E. Repr. 87).

Where a manager or vice principal undertakes work in simple co-operation with other servants, and upon precisely the same footing with them, he becomes for the time being a mere fellow servant with them, acting as such: Ross v. Walker, 139 Pa. 42. If in the performance of such work he negligently injures another servant, the latter cannot recover damages from the master for the injuries sustained. The Act of June 10, 1907, P. L. 523, was not intended to impose liability upon an employer "except in the case of results happening through the exercise of superintendency:" Feeney v. Abelson, 49 Pa. Superior Ct. 163.

Even if the plaintiff's statement based his claim on the defendant's failure to provide him with a safe place in which to work, it is difficult to see how upon the facts developed at the trial a recovery against the latter could be sustained. The risk of using such a ladder as that from which Sorden fell was as obvious to him as it was to Monroe, and he took it.

For the reasons above indicated the court is of the opinion that the defendant is entitled to judgment non obstante veredicto.

*Error assigned* was in sustaining judgment for defendant n. o. v.

*Victor Frey,* with him *Augustus Trask Ashton,* for appellant.—Monroe's negligence was negligence in superintendence under the act of 1907: Osborne v. Jackson, L. R. 11 Q. B. Div. 619.

Where the injured man is in a position which would be rendered dangerous by any change in the plan on the part of the vice principal or person in charge of the work who ordered him to take that position, it is negligence for the vice principal to change the plan, or to do any act rendering his position more dangerous, and for such negligence the master is liable: Taylor v. Evansville, etc., R. R. Co., 121 Ind. 124 (22 N. E. Repr. 876); Norton v. Nadebok, 190 Ill. 595 (60 N. E. Repr. 843); McPhee v. Structural Co., 188 Mass. 141 (74 N. E. Repr. 303); Meagher v. Laundry Machinery Co., 187 Mass. 586 (73 N. E. Repr. 853).

*W. J. Conlen,* of *Conlen, Brinton & Acker,* with him *J. Thurston Manning, Jr.,* for appellee.—The negligence which caused the injury was done while the foreman, Monroe, was not acting as foreman, but while he was acting wholly and exclusively as a fellow servant: Ryan v. Cumberland Valley R. R. Co., 23 Pa. 384; Lehigh Valley Coal Co. v. Jones, 86 Pa. 432; Weger v. R. R. Co., 55 Pa. 460; Spees v. Boggs, 198 Pa. 112; Prevost v. Ice & Refrigerating Co., 185 Pa. 617; Staebler v. Warren-Ehret Co., 223 Pa. 129; Ricks v. Flynn, 196 Pa. 263; Miller v. Bridge Co., 216 Pa. 559; King v. McClure Co., 222 Pa. 625; Feeney v. Abelson, 49 Pa. Superior Ct. 163; Remmert v. Penna. R. R. Co., 18 Pa. Dist. Rep. 372.

OPINION BY PORTER, J., April 29, 1913:

The defendant was engaged in the business of hoisting and locating boilers, stacks, safes and like appliances and the plaintiff was employed by him as "a rigger's helper." On January 13, 1910, the plaintiff and an outside foreman, named Monroe, were sent by the defendant to install a small boiler for the Pennsylvania Salt Manufacturing Company. It became necessary in the work to place a short piece of timber across the joist, below which the boiler was to be installed, for the purpose of attaching thereto the tackle used in hoisting the boiler into position.

A ladder was obtained and set against the wall of the building, the lower end resting on the concrete floor, and Monroe, the foreman, directed the plaintiff to ascend the ladder, taking with him the piece of timber 6 x 6 in size and about 4 feet long, which was to be placed above and across the joist, Monroe saying to the plaintiff, "I will hold the ladder." The plaintiff took the piece of timber, ascended to the top of the ladder, looked down and said to Monroe, "Have you got the ladder?" Monroe replied, "Yes." The plaintiff then took both hands and reached over to place the timber in position. While he was doing this Monroe let go the ladder, which thereupon slipped, and plaintiff fell and was injured. The only negligence averred in plaintiff's statement was that the foreman "negligently failed to guard said ladder and permitted the same to become dislodged from its position, by reason whereof plaintiff was violently thrown from a great distance to the ground." There was no evidence that the ladder or other appliances were defective, and the only act of negligence suggested by the evidence was the act of the foreman, in failing to securely hold the ladder. The plaintiff recovered a vereict, but the learned judge of the court below entered judgment in favor of the defendant non obstante veredicto, and from that judgment the plaintiff appeals.

The opinion filed by Judge AUDENRIED, in disposing of the motion of the defendant for judgment non obstante veredicto, which will appear in the report of this case, so fully recites the facts and vindicates the conclusion at which he arrived, that extended discussion of the question presented is rendered unnecessary. While Monroe was the foreman, the evidence clearly discloses that he was to perform manual labor jointly with the plaintiff and that the latter was fully aware of that fact. Monroe represented the defendant in so far as the duty of providing safe and suitable appliances and the avoidance of unnecessary risk in planning the work were involved, but the mere act of holding the ladder was not incidental to the duties of

superintendence, it was merely the performance of a manual act, within the scope of the duties of any workman: McGrath v. Thompson, 231 Pa. 631. An employer is not responsible for the negligence of such an agent in the performance of acts which are in no sense a part of the master's work and are precisely upon the level with the work of the other servants. When the manager or vice-principal undertakes work in simple co-operation with other servants, and upon precisely the same footing with them, he becomes for the time being a mere fellow-servant with them acting as such. The effect of the Act of June 10, 1907, P. L. 523, upon the question here presented was considered by this court in Feeney v. Abelson, 49 Pa. Superior Ct. 163. Our Brother HENDERSON said, in that case, referring to the two clauses of that statute under which alone liability could be asserted in the present case: "They both relate, however, to a situation in which there is the relation of superior and inferior, of an employee and another exercising control and directing the manner in which the action shall be performed. It was not intended that liability should be created except in the case of results happening from the exercise of superintendency. The consequences of the negligence of the persons of the classes named are visited on the employer because such negligence is that of a representative of the employer—the vice principal as to the particular transaction. The statute does not cover the cases of co-employees engaged in the accomplishment of a common object where the negligence of one results in injury to the other. . . . Certain it is that the driver in starting up the team, which is the negligence complained of, was not acting as a foreman or vice principal but obviously in the capacity of a co-employee with the other two men who were taking part in removing the piece of iron." The evidence in this case discloses that there were only two men, this plaintiff and Monroe, engaged in the actual work at the scene of the accident, both were engaged in the manual labor involved in the enterprise. Monroe was the representative

of the defendant in those things which involved superintendence, but in performing the manual labor he was the fellow servant of the plaintiff. The act of Monroe in holding the ladder was that of a fellow servant, and for his negligence in that act, which resulted in the injury of his fellow servant, the employer is not liable. This case cannot be distinguished from Feeney v. Abelson, supra, and the specification of error must be dismissed.

The judgment is affirmed.

RICE, P. J., dissents.