## Golien, Appellant, v. Susquehanna Coal Company.

*Negligence—Master and servant—Fellow servant—Act of June 10, 1907, P. L. 523—Engineer—Mines and mining.*

1. An engineer of a hoisting engine of a colliery, whose sole duty is, in obedience to orders, to move the levers which control the hoisting cage, is the fellow servant of a workman who is injured while in the cage by the negligence of the engineer in throwing the lever the wrong way.

2. Such engineer is not a "person engaged as superintendent, manager, foreman, or other person in charge or control of the work," within the meaning of the Act of June 10, 1907, P. L. 523.

Argued March 3, 1913. Appeal, No. 33, March T., 1912, by plaintiff, from judgment of C. P. Luzerne Co., June T., 1909, No. 404, for defendant n. o. v. in case of Paul Golien v. Susquehanna Coal Company. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FERRIS, J.

The opinion of the Superior Court states the case.

*Error assigned* was in entering judgment for defendant n. o. v.

*W. Alfred Valentine*, with him *B. W. Davis*, for appellant.—The construction adopted by the court below, entirely overlooks the word "any." The use of this word, however, immediately preceding the word "other," clearly shows the legislature did not intend the construction adopted. "Any person" means every person: Peterson v. Ferry Co., 190 Pa. 364; Owens v. Haines, 199 Pa. 137; Danziger v. Simonson, 116 N. Y. 329 (22 N. E. Repr. 570).

Appellant urges that the act in question, being remedial in its character, is not to be artificially and narrowly construed, but, on the other hand, should be given a liberal construction, so as to assist the employee in recovering from the employer for injuries sustained: Canney v. Walkeine, 113 Fed. Repr. 66.

Attention is called to the fact that similar statutes in other jurisdictions have uniformly been so construed as to effectuate this result: Kane v. Erie R. R Co., 142 Fed. Repr. 682; Fairman v. R. R. Co., 169 Mass. 170 (47 N. E. Repr. 613); Brown v. R. R. Co., 111 Ala. 275 (19 So. Repr. 1001); Stefe v. Old Colony R. R. Co., 156 Mass. 262 (30 N. E. Repr. 1137); Brady v. R. R. Co., 184 Mass. 225 (68 N. E. Repr. 227); Texas & P. Ry. Co. v. Carlin, 189 U. S. 354 (23 Sup. Ct. Repr. 585); Moore v. R. R. Co., 135 Fed. Repr. 67; Mace v. Boedker, 127 Iowa, 721 (104 N. W. Repr. 475); Callahan v. Ry. Co., 170 Mo. 473 (71 S. W. Repr. 208); Roe v. Winton, 86 Minn. 77 (90 N. W. Repr. 122); Houston, etc., R. R. Co. v. Jennings, 36 Tex. Civ. App. 375 (81 S. W. Repr. 822); Seery v. Gulf, etc., Ry. Co.,

34 Tex. Civ. App. 89 (77 S. W. Repr. 950); Texas Cent. Ry. Co. v. Pelfrey, 35 Tex. Civ. App. 501 (80 S. W. Repr. 1036); Southern Ry. Co. v. Howell, 135 Ala. 639 (34 So. Repr. 6); Williams v. Iowa Cent. Ry. Co., 121 Iowa, 270 (96 N. W. Repr. 774); Va. & S. W. Ry. Co. v. Clower, 102 Va. 867 (47 S. E. Repr. 1003).

*Anthony L. Williams,* with him *Henry A. Gordon* for appellee.—We have examined decisions under the English act and the acts of other states of this country and find three cases where the facts are very similar to the facts in the case at bar and in which it is decided that an engineer of a hoisting engine is not a superintendent within the meaning of the Employers' Liability Act. These cases are: Cashman v. Chase, 156 Mass. 342 (31 N. E. Repr. 4); Dantzler v. De Bardeleben Coal & Iron Co., 101 Ala. 309 (14 So. Repr. 10); Freeman v. Steel Co., 137 Ala. 481 (34 So. Repr. 612).

OPINION BY PORTER, J., July 16, 1913:

The opinion filed by the learned judge of the court below so fully states the facts and ably discusses the question involved in this appeal that extended discussion is rendered unnecessary. The only negligence averred in plaintiff's statement or suggested by the evidence was that of William Oliver, the engineer employed to run the hoisting engine at the shaft of defendant's colliery. His duty was to operate the hoisting engine, raising or lowering the cage used to convey men and materials down and up the shaft which afforded access to the mine, in obedience to signals given. There was no allegation of any defect in the plant or machinery, nor that the appliances used for giving signals to the engineer were not the best that could have been devised, nor that the employer had failed to make proper rules for the operation of the plant. The engine which Oliver operated was located in a separate building; when the proper signals had been given it was his duty to so move the levers which controlled the engine

as to lower, raise or stop the cage. The plaintiff had, with others, taken his place in the cage for the purpose of being lowered into the mine, the proper signals were given to the engineer to lower, but Oliver, without intending to do so, threw the lever the wrong way, and the cage instead of descending into the shaft was drawn violently upward against the hoisting gear and the plaintiff was knocked down and injured.

That Oliver was a fellow servant of the plaintiff was decided in Bradbury v. Kingston Coal Co., 157 Pa. 231, and the plaintiff was not entitled to recover unless because of the provisions of the Act of June 10, 1907, P. L. 523, entitled, "An Act extending and defining the liability of employers," etc. That statute clearly indicates that it was not the legislative intention to permit an employee to recover for injuries suffered through the negligence of a fellow servant in all cases, nor to make all employees the agents of the employer to the extent that he should be responsible for their negligence when their fellow servants suffered an injury in consequence thereof. The statute recites the causes of injury, arising out of the negligence of a fellow servant, for which the employer shall be liable, and the burden is upon a plaintiff in any case to show that his injury resulted from one of the causes expressed, before he can have any aid from this statute: Coleman v. Keenan, 223 Pa. 29; McGrath v. Thompson, 231 Pa. 631; Hurley v. Western Allegheny Railroad Co., 238 Pa. 67. The act covers other causes and omissions but they are not material in the determination of the present question. The portion of the statute which the plaintiff seeks to apply to the facts of this case is as follows: "The negligence of a fellow servant of the employee shall not be a defense, where the injury was caused or contributed to by any of the following causes, namely; . . . . the neglect of any person engaged as superintendent, manager, foreman, or any other person in charge or control of the works, plant or machinery." The appellant contends that the engineer Oliver was, within the meaning of the statute, a "person

in charge or control of the works, plant or machinery;" for whose negligence the employer is liable.   Our Brother HENDERSON, in Feeney v. Ableson, 49 Pa. Superior Ct. 163, discussing this provision of the statute said: "They both relate, however, to a situation in which there is the relation of superior and inferior, of an employee and another exercising control and directing the manner in which the action shall be performed.   It was not intended that liability should be created except in the case of results happening through the exercise of superintendency. The consequences of the negligence of the persons of the classes named are visited on the employer because such negligence is that of a representative of the employer . . . . the vice principal as to the particular transaction."   The clause of the statute upon which the appellant relies does not constitute every person doing the manual labor of operating the levers of an engine a vice principal of the employer, for whose negligence the latter would be liable to other employees.   The words "any person engaged as superintendent, manager, foreman, or other person in charge or control of the works," are the equivalent to and mean any person engaged as superintendent, manager or foreman in charge or control of the works, or any other person in like charge or control. The idea of supervision and control pervades the entire clause.   The person for whose negligence an employer may be held liable under this clause of the statute must be a person who has control of other employees, with power of direction.   The evidence in the present case failed to disclose that Oliver had authority to control any other employee, or that he was vested with any discretion as to how things should be done.   He did not give orders, but received them and it was his duty to obey the signals.

The statutes relating to the liability of employers, adopted in different states, vary widely in their terms, and the decisions arising under statutes in other jurisdictions vary accordingly.   It has been held in Massachusetts, in cases somewhat similar to the present one, that when it

was proper to start the engine and an order was given to the engineer to lower, the mere act of the engineer, in manipulating the levers to execute the order, was the act of a fellow servant, not involving superintendence, and that the employer was not liable for injuries resulting to an employee from the mistake of the engineer: Cashman v. Chase, 156 Mass. 342. The same principle was recognized in Hoffman v. Holt, 186 Mass. 572, and McPhee v. New England Structural Co., 188 Mass. 141. These authorities are in harmony with the decision of this court in Feeney v. Ableson, 49 Pa. Superior Ct. 163. The plaintiff having failed to produce evidence tending to establish negligence upon the part of any superintendent or other person in control of the works, with power to supervise and direct, the action of the court below in entering judgment in favor of the defendant non obstante veredicto involved no error.

The judgment is affirmed.