# Johnson *v.* Philadelphia House Wrecking Company, Appellant.

*Negligence—Master and servant—Unsafe place to work—Demolition of building.*

In a personal injury case against a company engaged in the business of the demolition of buildings, a verdict and judgment for plaintiff will be sustained where the evidence for the plaintiff although contradicted tends to show that the taking down of the building in question was not done in a proper and customary way, that the plaintiff was a common laborer, unfamiliar with the work, that immediately before the accident he asked whether the place he was directed to go was safe, that defendant's foreman assured him that it was safe, and that plaintiff relying upon the assurance proceeded with his work and was injured by the fall of a wall.

Argued Oct. 15, 1913. Appeal, No. 108, Oct. T., 1913, by defendant, from judgment of C. P. No. 4, Phila. Co.,

Dec. T., 1910, No. 893, on verdict for plaintiff in case of Napoleon B. Johnson, by his next friend and brother, James Johnson, v. Philadelphia House Wrecking Company.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before AUDENRIED, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $300.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*James J. Breen,* for appellant, cited: Campbell v. Brandywine Summit Kaolin & Feldspar Co., 52 Pa. Superior Ct. 511; Brynelson v. Concrete Steel Co., 239 Pa. 346; Montgomery v. Rowe, 239 Pa. 321; McKenna v. Paper Co., 176 Pa. 306; Welch v. Carlucci Co., 215 Pa. 34; Coleman v. Keenan, 223 Pa. 29.

*Clinton A. Sowers,* with him *Philip Herrmann* and *John B. Herrmann,* for appellee, cited: Coleman v. Keenan, 223 Pa. 29; Durst v. Steel Co., 173 Pa. 162; Franczak v. Cement Co., 42 Pa. Superior Ct. 263; Reese v. Clark, 198 Pa. 312; American Window Glass Co. v. Noe, 158 Fed. Repr. 777.

OPINION BY ORLADY, J., February 20, 1914:

The plaintiff, a common laborer, was employed with a number of others, by the defendant, in the demolition of an old stone mansion, fifty by sixty feet in size, three stories in height, and having about twenty feet above the roof line, a stone tower, twelve to fifteen feet square. After the work had proceeded to a stage when it became necessary to dismantle the tower, the plaintiff alleges that, he with two other workmen were directed by

Clarence Douglass, who was the foreman in charge of the defendant's work on the property, "to take the floor up from the tower hallway and take the joists and girders off," when, as he testified, "I stopped there, I started to go up the steps, and I asked if it was safe up there. I told him I was a farmer and I don't mind work as long as you keep me in a safe place, I don't want to go up there if it is not safe. He said, 'You go on up, that is all right, it is safe, I am bossing this job, if it was not safe I would not send you up there.' I took it, that he understood that kind of work, and knew how to boss that kind of a job, I was a green hand and didn't have no experience whatever about that kind of work." The work was done in exact accordance with the directions given to the workmen by the foreman, when as the joist and girders were removed, the walls of the towers collapsed, a large portion of the stone work fell on the workmen, and this plaintiff was seriously injured. The plaintiff's contention on the trial was that, the careless manner in which this stone tower was taken down, was not in accordance with the usual and ordinary method in tearing down such structures, and that although this manifest danger was apparent to the trained and experienced superintendent, the plaintiff who was but a common laborer, without skill or knowledge in the doing of such work, was assured by the defendant's foreman that the place where he was sent to work in was safe, when in fact it was specially dangerous. Several witnesses testified that it was not customary in Philadelphia, when such a building as this stone tower was to be demolished, to take out its floors and joists until the outside stonework had been brought down to the floor level; others testified that the work was done in accordance with the best practice, and this question was submitted to the jury in a very fair and intelligent manner: they were instructed at the instance of the defendant, that before finding in the plaintiff's favor, they must be satisfied from the preponderance of

the evidence that the foreman violated some duty the defendant owed to the plaintiff under the circumstances, and that his injuries resulted from such violation of duty, and further, the trial judge said, "the defendant was bound to take ordinary precautions for the safety of its employees that were customarily taken in the vicinity at the time the accident occurred. If it failed in that it was negligent. If its negligence was the cause of the plaintiff's injury and he did not assume the risk of working near that which was dangerous, because he relied on something that the foreman said to him about the place being safe and his being protected, he is entitled to recover. The mere collapse of the wall is not evidence of the defendant's negligence, and before the jury can lawfully find for the plaintiff, the cause of the fall must be shown, and if that cause was one not apparent, and not to be reasonably anticipated the verdict must be for the defendant."

The only assignment of error is in regard to the refusal of the court to instruct the jury, that, under all the evidence the verdict must be for the defendant. The propriety of taking down this cumbersome and heavy old stone tower by undermining it, so as to invite its fall in whole or in part was purely a question of fact, to be determined by the jury under all the circumstances. Its age, size, construction, material and the manner in which it was taken down were to be considered in deciding whether this inexperienced plaintiff was rightly directed to go up and take the joists and girders out of their fixed places, and remove the floor support from this part of the tower.

It is true that danger exists at every stage of such work, in a greater or less degree, as particular sections are removed, and while the employer is not bound to give notice of transitory risks which may be caused by the acts of fellow workmen, Miller v. Bridge Co., 216 Pa. 559, the master is not bound to follow up the workmen's every movement to see that they make the place

safe: Coleman v. Keenan, 223 Pa. 29, something must be left to the intelligence, judgment, and personal regard for safety by the workmen, but here the three laborers were transferred from one place to another, and directed to perform extra hazardous work, of which they were not reasonably expected to have more than the judgment of a common laborer. There was something about the new work that created a suspicion of danger. The plaintiff was "skittish about it," this anxiety was relieved by the assurance of the foreman that the place was safe and he was directed to go on and do his work. He was not called on to set up his own unaided judgment against that of his superior; and he had a right to rely upon his advice and still more upon his orders, notwithstanding misgivings of his own. The servant's dependent and inferior position is to be taken into consideration; and if the master gives him positive orders to go on with the work under perilous circumstances, the servant may recover for an injury thus received, if the work was not inevitably or imminently dangerous, is the rule laid down in Shearman & Redfield on Negligence (5th ed.), sec. 186, and has been followed in Reese v. Clark, 198 Pa. 312; Franczak v. Cement Co., 42 Pa. Superior Ct. 263; Hollis v. Widener, 221 Pa. 72.

Whether the work was done by following a negligent method, or if the foreman departed from the usual and customary way of tearing down like structures, or if it was of such character that an inexperienced laborer should have been specially instructed in regard to a latent danger that was not apparent to workmen of ordinary intelligence, were all questions for the consideration of the jury and, in regard to the duty of the employer in these respects they were adequately instructed. There was sufficient evidence of lack of care, and of direction to proceed with the work by the foreman to warrant its submission to the jury, and that is all that we are called upon to decide.

The judgment is affirmed.