Argued October 4, affirmed November 13, 1928.

# H. H. MOEN *v.* J. T. AITKEN.

(271 Pac. 730.)

For appellant there was a brief over the name of *Messrs. Senn & Recken,* with an oral argument by *Mr. Frank S. Senn.*

For respondent there was a brief over the name of *Messrs. Davis & Harris,* with an oral argument by *Mr. Paul R. Harris.*

BELT, J.—Plaintiff was employed as carpenter by defendant, a contractor engaged in the construction of a five-story apartment house in the City of Portland. Shortly prior to time of injury plaintiff, who was working on an elevator shaft on the fifth floor, was ordered by defendant's foreman, Miller, to go above and "put some two by fours between the ceiling joists and the roof joists" preparatory to lathing and plastering the elevator shaft. This shaft was about seven feet square. In order to accomplish the work it was necessary for the plaintiff to stand on some staging or scaffolding in the shaft about eight or nine feet above the fifth floor. To reach the place of work the employee was obliged to go upon the roof and crawl down to the top of the elevator shaft where the scaffolding or plank was placed across the opening of the shaft. In substance, plaintiff's description of the accident is that he stepped down on a

two by six plank across the opening of the shaft, pulled it over a trifle to the south where he could work better, and that while engaged in taking a measurement the board broke and he fell approximately seventy feet through the shaft to the ground beneath.

The defendant was charged with negligence in that he failed (1) to inspect and test the piece of planking placed across the elevator shaft; (2) to construct a scaffolding or false work of sufficient strength to bear four times the maximum weight to be sustained by such structure; (3) to provide a strong and efficient safety rail or other contrivance to prevent plaintiff from falling from the place where he was working.

Section 6785, Or. L., provides:

"All owners, contractors * * or persons whatsoever, engaged in the construction * * of any building * * shall see that all * * wood * * or other material whatever, shall be carefully selected and inspected and tested so as to detect any defects, and all scaffolding, staging false work or other temporary structure shall be constructed to bear four times the maximum weight to be sustained by such structure, * * ; and all scaffolding, staging or other structure more than twenty feet from the ground or floor shall be secured from swaying and provided with a strong and efficient safety rail or other contrivance, so as to prevent any person from falling therefrom * * and generally, all owners, contractors or subcontractors and other persons having charge of, or responsible for, any work involving a risk or danger to employees or the public, shall use every device, care and precaution which it is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or de-

vice, and without regard to the additional cost of suitable material or safety appliance and devices.''

Section 6786, Or. L.:

"The manager, superintendent, foreman or other person in charge or control of the construction or works or operation, or any part thereof, shall be held to be the agent of the employer in all suits for damages for death or injury suffered by an employee.''

Section 6787, Or. L., provides:

"It shall be the duty of owners, contractors * * or other persons having charge of the particular work, to see that the requirements of this act are complied with, * * ''—providing penalty for violation.

■ ■ It will thus be seen that the defendant is charged with failure to do those things which the statute specifically commands him to do. It has been held that these statutory duties are absolute, nondelegable and continuing. The employer can in no way be absolved from liability by undertaking to delegate such duties to an employee. Such holds true even though the employee expressly agrees and undertakes to do those things which the statute directs the employer to do. As said in *Malloy* v. *Marshall-Wells Hardware Co.*, 90 Or. 303 (173 Pac. 267):

"It would still have been obligatory on the corporation even after plaintiff had been ordered to construct the guard-rail and had agreed to do so.''

In *Camenzind* v. *Freeland Furniture Co.*, 89 Or. 158 (174 Pac. 139), defendant was held liable in damages because a safety guard for a machine was not installed by the employee although one had been furnished. The words "shall see" as used in the act strongly imply such supervision on the part of those having charge or control of the work as will accom-

250

plish the object and purpose of the statute, namely, to protect the life and limb of the employee. It is true that the employer is not bound to supervise every detail of the labor of the employee to prevent injury in the ordinary course of the work: *Van Norden* v. *Chas. R. McCormick Lumber Co.* (9th Circuit), 17 Fed. (2d) 568; *McGrath* v. *Thompson,* 231 Pa. 631 (80 Atl. 1109). But where the statute makes it obligatory upon an employer to see to it that certain things must be done a different rule obtains. It will not do, in order to be absolved from liability, for the foreman in charge of the work to assume the attitude as manifested by his testimony in the instant case: "Well, the carpenters are supposed to take care of their own staging." "I told him to build his own scaffold, his own staging." The act, in our opinion, requires the foreman or other person in charge to supervise the construction of the scaffolding and see to it that, in the language of the statute, "it will bear four times the maximum weight to be sustained by said structure." If there was more suitable material available with which the scaffold in this elevator shaft could have been constructed, it was the duty of the person having charge and control of the work to see to it that it was used. The foreman knew that plaintiff, to comply with his order, would be obliged to stand on some sort of staging or scaffolding. Yet, it is conceded that he never inspected the lumber used nor in any manner undertook to supervise the construction of the scaffolding.

■ ■ In the consideration of the case thus far we have assumed that plaintiff selected the plank placed across the elevator shaft, although it is his contention that it was not put there by him. If, in fact,

the scaffolding or plank had been placed there by some fellow-servant of the plaintiff and it was intended by defendant to be used by plaintiff to do the work as ordered by the foreman, it is clear that there was no error in submitting this cause to the jury. Negligence of a fellow-servant is no defense under the Employers' Liability Act. Neither is contributory negligence a bar to the action, although it may be considered by the jury in fixing amount of damages. A much closer question arises if it be assumed, as contended by defendant, that plaintiff constructed his own scaffolding, but, as we have already said, we believe it was the duty of the defendant to see to it that plaintiff did construct a scaffolding which would bear four times the maximum weight to be sustained by the structure. We think the fallacy of defendant's position lies in assuming that plaintiff, within the meaning of the act, was in charge or control of the work. Counsel for defendant argues: "While it may not be contended that he was the manager, superintendent or foreman, he certainly would come within that designation of the statute which says 'or any other person in charge or control of the construction or work or operation or any part thereof.'" A similar contention was made in *Van Norden* v. *Chas. R. McCormick Lumber Co., supra,* where the court had under consideration Section 6786 of the Employers' Liability Act of this state and it was held untenable. The words, "or any other person," according to well-established rules of statutory construction, refer to the same general kind or class as those specifically named: *Bottig* v. *Polsky,* 101 Or. 530 (201 Pac. 188), and cases therein cited. The case of *Marks* v. *Bauers* (9th Circuit), 3 Fed. (2d) 516, is not in point, for the reason that the per-

son in charge or control of the work was a foreman. In the instant case plaintiff was a carpenter in the lowest scale of employment. It was his duty to obey orders and not to give them.

■ It is also contended that there is no evidence tending to show that the use of a guard-rail or scaffolding was practicable and would not interfere with the efficiency of the structure. It is difficult for us to conceive in what way it would be impracticable to erect a scaffolding that would bear the weight of this plaintiff. Perhaps a stronger plank would have served the purpose. It is to be borne in mind that this was not a permanent structure. From the facts proven relative to the kind of work in which plaintiff was engaged and the character of the structure in which he was working it seems to us that the jury were justified in drawing the reasonable inference that it was practicable to do those things which the plaintiff says the defendant failed to do. In other words, the jury, in the exercise of their common sense, knew that it would have been practicable to construct a scaffolding and guard-rail that would serve the purpose for which they were intended.

■ It is also urged, but we think not seriously, that there is no evidence that plaintiff sustained a permanent injury. We adopt the language of counsel for defendant in his oral argument: "Plaintiff had a permanent scar and it may be that this testimony— the jury of course saw the man and had all of the facts and they might have been in a position under those circumstances to say from all of the testimony whether or not he had any permanent injuries."

We conclude there was no error in refusing to direct a verdict for defendant or to give instructions requested to the effect that, if plaintiff was in charge

or control of the work and did not comply with the statute, he could not recover.

The judgment of the lower court is affirmed.

AFFIRMED.

RAND, C. J., and BEAN and MCBRIDE, JJ., concur.